**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COAL RIVER MOUNTAIN WATCH, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| S.M.R. JEWELL and REGINA MCCARTHY, | ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) ) |
| NATIONAL MINING ASSOCIATION, | ) ) ) |
| Intervenor-Defendant. | ) |

No. 1:08-cv-02212-BJR

**ANSWER OF INTERVENOR-DEFENDANT NATIONAL MINING ASSOCIATION
TO AMENDED COMPLAINT**

Intervenor-Defendant National Mining Association ("NMA") files this Answer pursuant to Rules 8 and 15 of the Federal Rules of Civil Procedure. Any allegation not specifically admitted below is denied. Answering the numbered paragraphs of the Amended Complaint, filed on July 3, 2013, NMA admits, denies, and avers as follows:

1.      Paragraph 1 contains Plaintiffs' characterization of this lawsuit, which requires no response. NMA admits that the U.S. Department of Interior, Office of Surface Mining and Enforcement ("OSM") issued a final rule on December 12, 2008 (the "challenged rule"), in which the U.S. Environmental Protection Agency ("EPA") concurred.

2.      Paragraph 2 states conclusions of law concerning jurisdiction and venue, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

3-11.   NMA lacks sufficient information to form a belief as to the truth of the allegations in Paragraphs 3 through 11, inclusive, and therefore denies those allegations.  In addition, the fourth sentence of Paragraph 10 states a conclusion of law, to which no response is required.

12.     Paragraph 12 states conclusions of law, to which no response is required.  NMA lacks sufficient information to form a belief as to the truth of the allegations in the third sentence of Paragraph 11 and therefore denies those allegations.  Insofar as Paragraph 11 is deemed to contain any additional allegations of fact, those allegations are denied.

13.     NMA denies that Dirk Kempthorne is the Secretary of the Interior and avers that the Secretary of the Interior is S.M.R. Jewell who was automatically substituted as a party in this case pursuant to Federal Rule of Civil Procedure 25(d).  The remaining allegations of Paragraph 13 purport to characterize provisions of the Surface Mining and Reclamation Act of 1977 ("SMCRA").  The provisions speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

14.     NMA denies that Stephen Johnson is the Administrator of the Environmental Protection Agency ("EPA") and avers that the Administrator of the EPA is Regina "Gina" McCarthy, who was confirmed by the Senate on July 18, 2013, and who was automatically substituted as a party in this case pursuant to Federal Rule of Civil Procedure 25(d).  The remaining allegations of Paragraph 14 purport to characterize a provision of SMCRA.  That

provision speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

15.      NMA admits that the OSM published rules in 1979 and 1983.  Paragraph 15 purports to characterize and selectively quote from provisions of the OSM's regulations and their underlying administrative records.  The regulations and administrative records speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

16.      NMA admits that the OSM issued a final rule on December 12, 2008 and that the rule became effective on January 12, 2009.  Paragraph 16 purports to characterize the challenged rule.  The rule speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

17-18.      Paragraphs 17 and 18 purport to summarize, characterize, and selectively quote from provisions of SMCRA, as well as Congress's intention in enacting the legislation.  The provisions of SMCRA cited speak for themselves, as does the legislative history of those provisions, and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

19-20.      Paragraphs 19 and 20 purport to characterize and selectively quote from regulations promulgated by the OSM, as well as their underlying preambles.  The regulations and preambles speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

21.      Paragraph 21 purports to characterize provisions of SMCRA.  The provisions speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

22.     Paragraph 22 purports to characterize and selectively quote from regulations promulgated by the OSM.  The regulations speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

23.     Paragraph 23 purports to characterize and selectively quote from regulations promulgated by the OSM and their underlying preamble.  The regulations and preamble speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

24.     Paragraph 24 purports to characterize a regulation promulgated by the OSM and its underlying preamble.  The regulation and preamble speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

25.     Paragraph 25 purports to characterize and selectively quote from a decision of a federal district court and a decision of the U.S. Court of Appeals for the Fourth Circuit.  The decisions speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

26.     Paragraph 26 purports to selectively quote from and characterize the preamble accompanying the challenged rule.  The preamble, which is contained in the underlying administrative record, speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

27.     Paragraph 27 purports to selectively quote from and characterize a brief filed in prior litigation before the U.S. Court of Appeals for the Fourth Circuit.  The brief speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

28.       Paragraph 28 purports to selectively quote from and characterize a letter from a federal official and a proposed rule promulgated by the OSM.  The cited letter and the proposed rule speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

29.       The first sentence of Paragraph 29 purports to characterize and selectively quote from the challenged rule.  The rule and its underlying administrative record speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  The second sentence of Paragraph 29 states a conclusion of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

30.       The first sentence of Paragraph 30 purports to characterize the challenged rule and its underlying administrative record.  The rule and its underlying administrative record speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  The second sentence of Paragraph 30 purports to characterize a brief filed in prior litigation in the U.S. Court of Appeals for the Fourth Circuit.  The brief speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.  The third sentence of Paragraph 30 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

31.       The first two sentences of Paragraph 31 purport to characterize and selectively quote from a provision of SMCRA and the administrative record underlying the challenged rule.  SMCRA and the administrative record underlying the challenged rule speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are

denied.  The third sentence of Paragraph 31 states a conclusion of law, to which no response is required.

      32.      Paragraph 32 purports to quote selectively from and characterize the National Environmental Policy Act ("NEPA") and its implementing regulations.  NEPA and its regulations speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

      33.      Paragraph 33 purports to characterize an environmental impact statement ("EIS") that accompanied the challenged rule.  The EIS, as with the entire administrative record underlying the challenged rule, speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

      34.      The first three sentences of Paragraph 34 purport to characterize and selectively quote from the EIS and administrative record underlying the challenged rule.  The EIS and administrative record speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  The fourth sentence of Paragraph 34 states a conclusion of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

      35.      Paragraph 35 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.  In addition, insofar Paragraph 35 purports to characterize a brief filed in litigation in the U.S. Court of Appeals for the Fourth Circuit and an EIS that accompanied the challenged rule, the brief and the EIS speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

36.     The first three sentences of Paragraph 36 purport to characterize and selectively quote from an EIS that accompanied the challenged rule.  The EIS, as with the entire administrative record underlying the challenged rule, speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.   The fourth sentence of Paragraph 36 states a conclusion of law, to which no response is required; insofar as it contains any allegations of fact, those allegations are denied.

37.     Paragraph 37 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.  In addition, Paragraph 37 purports to characterize and selectively quote from an EIS that accompanied the challenged rule.  The EIS, as with the entire administrative record underlying the challenged rule, speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

38.     Paragraph 38 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.  In addition, Paragraph 38 purports to characterize and quote selectively from a Programmatic EIS ("PEIS") and documents related to that PEIS, including a "draft" document.  The PEIS and related documents, including any draft, speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

39.     Paragraph 39 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.  In addition, Paragraph 39 purports to characterize the challenged rule and the EIS that accompanied the challenged rule.  The rule and the EIS speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

40.      The first and last sentences of Paragraph 40 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.  The remaining sentences of Paragraph 40 purport to characterize and selectively quote from the administrative record underlying the challenged rule.  The administrative record speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

41.      The first, second, and fourth sentences of Paragraph 41 state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.  In addition, the first two sentences of Paragraph 41 purport to characterize and selectively quote from the administrative record underlying the challenged rule.  The administrative record speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.  The third sentence of Paragraph 41 purports to characterize and selectively quote from SMCRA, as well as the Clean Water Act ("CWA") and its implementing regulations.  The statutory and regulatory provisions cited speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

42.      Paragraph 42 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

43.      Paragraph 43 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

44.      Paragraph 44 purports to characterize and selectively quote from a brief filed in litigation before the U.S. Court of Appeals for the Fourth Circuit and from a federal district court

decision.  The brief and judicial opinion speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

45.     Paragraph 45 states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.  In addition, the second and third sentences of Paragraph 45 purport to characterize certain governmental "studies," as well as a proposal for the challenged rule.  The studies and administrative record underlying the challenged rule speak for themselves and are the best evidence of their content. Any allegations to the contrary of that best evidence are denied.

46.     Paragraph 46 purports to characterize and selectively quote from a federal "study" on coal mining.  That document speaks for itself and is the best evidence of its content. Any allegations to the contrary of that best evidence are denied.

47.     Paragraph 47 purports to characterize and selectively quote from a state "study" on mining.  That document speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

48.     Paragraph 48 purports to characterize certain "reports" prepared for a PEIS. These documents speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

49.     Paragraph 49 states a conclusion of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

50.     Paragraph 50 purports to characterize and selectively quote from a provision of SMCRA.  That statutory provision speaks for itself and is the best evidence of its content.  Any allegations to the contrary of that best evidence are denied.

51.      Paragraph 51 states a conclusion of law, to which no response is required.  In addition, Paragraph 51 purports to characterize the CWA, the text of SMCRA, and the history of SMCRA.  The CWA and the text and legislative history of SMCRA speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

52.      Paragraph 52 purports to characterize Congress's intent with respect to SMCRA, including by selectively quoting from the legislative history of the statute, as well as the effect of the statute.  SMCRA and its legislative history, including the House Report cited, speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  The last sentence of Paragraph 52 contains a legal conclusion to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

53.      Paragraph 53 purports to characterize the requirements of the CWA, including EPA's responsibilities under the statute, and its implementing regulations.  The CWA and its implementing regulations cited speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.

54.      The first sentence of Paragraph 54 purports to characterize the CWA and its implementing regulations.  The CWA and its implementing regulations speak for themselves and are the best evidence of their content.  Any allegations to the contrary of that best evidence are denied.  Paragraph 54 also states conclusions of law, to which no response is required; insofar as it is deemed to contain allegations of fact, those allegations are denied.

55-67.    Paragraphs 55 through 67, inclusive, state conclusions of law, to which no response is required; insofar as they are deemed to contain allegations of fact, those allegations are denied.

The remaining allegations of the Complaint consist of Plaintiffs' Request for Relief, to which no response is required, but to the extent they are deemed to include allegations of fact, those allegations are denied.  NMA denies that Plaintiffs are entitled to any relief whatsoever, and respectfully prays that the Amended Complaint be dismissed with prejudice in its entirety.

## AFFIRMATIVE DEFENSES

1.    This Court lacks jurisdiction over some or all of Plaintiffs' claims.

2.    Plaintiffs lack standing to bring some or all of their claims.

3.    Some or all of Plaintiffs' claims are not ripe for review.

4.    Some or all of Plaintiffs' claims are moot.

5.    Plaintiffs fail to state a claim on which relief can be granted.

*    *    *

WHEREFORE, NMA respectfully requests that this Court deny all relief sought by Plaintiffs, grant judgment to Defendants and Intervenor, and grant Defendants and Intervenor such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Kirsten L. Nathanson
J. Michael Klise, No. 412420
Kirsten L. Nathanson, No. 46399
Sherrie A. Armstrong, No. 1009642
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
(202) 624-2500

Attorneys for Intervenor-Defendant National
Mining Association

Dated:  July 22, 2013

DCACTIVE-24243396.1